UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X
NYRON FRANCIS

               06 CV 4098(LBS)(HP)

    Plaintiff,

               **FIRST AMENDED COMPLAINT**

  -against-

DEUTSCHE BANK; DEUTSCHE BANK
SECURITIES INC., MICHAEL RABINOWITZ,
EDWIN SCHRIER, CORESTAFF
SERVICES LP d/b/a LEAFSTONE
STAFFING SERVICES, and SPHERION INC.,

    Defendants.       PLAINTIFF DEMANDS A
               JURY TRIAL IN THIS ACTION
_____X

  Plaintiff, Nyron Francis, by his attorney, Glenn A. Wolther, Esq. as and for his complaint alleges as follows:

## OVERVIEW

1. This is an action to remedy discrimination on the basis of race in violation of 42 U.S.C. §§1981 and 2000(e) *et seq*; New York State Human Rights Law, Executive Law §290 *et seq*; and the Administrative Code of the City of New York §8-101 *et seq* and recover damages and other relief.

**PARTIES, JURISDICTION AND VENUE**

2. Plaintiff, Nyron Francis, ("Francis") is an African American.

3. Defendant Deutsche Bank (DB) is a German bank, upon information and belief, doing business in the state of New York. DB is an employer within the meaning of the laws against employment discrimination.

4. Defendant Deutsche Bank Securities INC., ("DBSI") is a Delaware Corporation with its principal executive offices located in New York City. DBSI is a whole owned subsidiary of DB and is DB's United States investment banking and securities arm. DBSI is an employer within the meaning of the laws against employment discrimination. DBSI is located at 60 Wall Street New York, New York 10005.

5. Defendant Michael Rabinowttz ("Rabinowttz") was, upon information and belief, employed by DB/DBSI and controlled the terms and conditions of plaintiff's employment, maintained supervisory authority over plaintiff and was authorized to do more than simply carry out personnel decisions made by others at the times mentioned herein. He is an employer within the meaning of the laws against employment discrimination.

6. Defendant Edward Schrier ("Schrier") was, upon information and belief, employed by DB/DBSI and controlled the terms and conditions of plaintiff's employment, maintained supervisory authority over plaintiff and was authorized to do more than simply carry out personnel decisions made by others at the times mentioned herein. He is an employer within the meaning of the laws against employment discrimination.

7. Defendant Corstaff Services LP d/b/a Leafstone Staffing Services ("Leafstone") is a Delaware Limited Partnership and is an employer within the meaning of the laws against employment discrimination. Leafstone's New York operation center is located at 1156 Avenue of the Americas, 3rd Floor, New York, NY 10036.

8. Upon Information and belief, Spherion Corporation (Spheriron) is a Florida Corporation registered to do business within New York and is an employer within the meaning of the laws against employment discrimination.

9. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this action, as claims herein arise under (i) 42 U.S.C. §§1981, 2000(e), as amended by, *inter alia*, the Civil Rights Act of 1991; and 28 U.S.C. §1343.

10. Pursuant to 28 U.S.C. §1367(a) this Court has supplemental jurisdiction over this action, as claims herein arising under New York State and New York City Law are related to and form part of the same case and controversy as do the federal claims.

11. Pursuant to 28 U.S.C. §1391(b)(2), venue is properly laid in this District in that it is the District in which a substantial part of the events giving rise to the claims asserted herein occurred.

12. This action is commenced within ninety days of plaintiff's receipt of a Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC").

13. Pursuant to §8-502(c) of the New York City Administrative Code, copies of the original Complaint were served upon the New York City Commission on Human Rights and the Corporation Counsel of the City of New York before the original Complaint was filed.

**FACTS GIVING RISE TO THE CLAIMS**

14. On or about September 2000, Francis was hired by defendants as a teletypist, for DB/DBSI in conjunction with Leafstone. Upon information

and belief, on or about April 2003 Spherion assumed management responsibilities over Francis and was thus an employer. Francis was thus an employee within the meaning of the laws against employment discrimination.

15. On or about March of 2002, Francis told defendants Rabinowitz and Schrier that he sought promotion to the actual trading floor of the New York Stock Exchange ("NYSE") to the position of a floor trade clerk, booth clerk, and/or phone clerk ("floor trade clerk"). Defendants had the authority to promote Francis.

16. Upon information and belief, it was common practice at DB /DBSI to promote persons hired as teletypists upward within the organization.

17. Upon information and belief, it was common practice at DB/DBSI to provide support, job training, and professional development to individuals, not yet licensed to actually trade on the floor who were seeking promotion or going to be promoted.

18. Upon information and belief, persons seeking promotion to the position of floor trade clerk were thus allowed, as part of DB/DBSI support, to actually begin to work on the trade floor of the NYSE so as to observe and learn the process first hand.

19. After repeated requests for promotion to the position of a floor trade clerk on or about November 2002 Francis's job responsibilities became split between the teletypist position and his new responsibilities as a Questionable Trade Clerk ("QT Clerk"). However, the QT Clerk position was neither a promotion nor was it an opportunity to gain exposure to actual floor trading. Rather, the position was below the trading floor, not that position that Francis had requested, and not the position that similarly situated non-blacks and whites were being promoted to.

20. Upon information and belief, in contrast to Francis, several non-black and white persons hired by defendants as teletypists obtained such promotions to floor trade clerks by being assigned to the actual trading floor.

21. Upon information and belief, Francis suffered adverse employment action when in the summer of 2003, defendants engaged in a series of promotions whereby less qualified non-blacks and whites, who were hired as teletypes were promoted to floor trade clerk positions.

22. The failure to promote Francis in the summer of 2003 and instead promote less qualified non-black, white individuals was part on ongoing and continuing pattern of disparate treatment towards Francis.

23. From March 2002 through March 2004 defendants engaged in a continuous course of conduct and subjected Francis to disparate treatment, including but not limited to, failing to properly evaluate Francis's request for trading floor work as a floor trade clerk, not allowing him to attend classes and outings, not giving him experience and opportunities on the trading floor compensating him at a rate less than his co workers, and ultimately recommending the termination of his employment.

24. Upon information and belief, in contrast defendants during the same period promoted similarly situated non-black and white employees to positions which Francis sought on the trading floor as trading floor clerks, allowed those employees to attend classes and outings, and compensated then at a hire rate after their promotions.

25. By allowing persons seeking promotion to actually participate in trading floor activities, their chances of passing the required licensing examination were increased as they were exposed to the technical aspects of the trading process that were tested on the licensing examination.

26. Upon information and belief, it was common practice to allow persons seeking promotion to be given considerable trading floor exposure before DB/DBSI sponsored them for a training class and sending them to take the required licensing examinations to remain on the trading floor.

27. Although the position(s), as a floor trade clerk, that Francis sought promotion to was not, upon information and belief, formally listed by defendants, the position was in fact available and other similarly situated non-back and white individuals were in fact promoted. As such, the method of obtaining the promotion, upon information and belief, was to speak with either Rabinowitz and Schrier.

28. Francis made numerous and regular requests for the promotion to the position of floor trade clerk to Rabinowitz and Schrier.

29. When Francis saw that other persons were getting the promotions and he was not he was told by Rabinowitz and Schrier they stated that Francis had to first "pay his dues."

30. Rabinowitz remarked to Francis, that "this environment is not black friendly" referring to the trading floor at DB/DBSI.

31. Despite his repeated request for advancement and an opportunity to work on the trading floor as a floor trade clerk, Francis was denied such promotion and opportunities, while, upon information and belief, other similarly situated and less qualified non-black and white employees were

      advanced to the trading floor as floor trade clerks and assigned to positions for which Francis was qualified.

32.    Upon information and belief, Francis was terminated in March of 2004 because of his race while the other non-black, white employees that were promoted over him to the positions of trade floor clerks were not similarly terminated.

33.    Francis at all times satisfactorily preformed his work. Upon information and belief, defendants treated plaintiff differently than similarly situated non-black and white employees because of his race.

34.    Upon information and belief, defendants acted with malice and/or reckless indifference to Francis' protected rights.

35.    Upon information and belief, on March 31, 2004 New York City Commission on Human Rights interviewed Francis and did an intake of his complaint of discrimination against defendants.

**FIRST CAUSE OF ACTION
AGAINST ALL DEFENDANTS
42 U.S.C. §1981**

36.     Pursuant to Fed. R. Civ. P. 10(c), plaintiff repeats and realleges each and every allegation contained in paragraphs "1" though "35" as if repeated and incorporated herein.

37.     Defendants have discriminated against plaintiff in the terms and conditions of his employment based upon his race.

38.     By reason thereof, defendants have violated 42 U.S.C. 1981 and have thereby caused plaintiff to suffer damages, including but not limited to economic injuries, lost employment opportunities and emotional injuries.

**SECOND CAUSE OF ACTION
AGAINST INSTITUTIONAL DEFENDANTS
42 U.S.C. 2000(e) *et seq***

39.     Pursuant to Fed. R. Civ. P. 10(c), plaintiff repeats and realleges each and every allegation contained in paragraphs "1" though "38" as if repeated and incorporated herein.

40.     Defendants have discriminated against plaintiff in the terms and conditions of his employment based upon his race.

41.  By reason thereof, defendants have violated 42 U.S.C. 2000(e) *et seq* and have thereby caused plaintiff to suffer damages, including but not limited to economic injuries, lost employment opportunities and emotional injuries.

## THIRD CAUSE OF ACTION
## AGAINST ALL DEFENDANTS
## NEW YORK STATE EXECUTIVE LAW

42.  Pursuant to Fed. R. Civ. P. 10(c), plaintiff repeats and realleges each and every allegation contained in paragraphs "1" though "41" as if repeated and incorporated herein.

43.  Defendants have discriminated against plaintiff in the terms and conditions of his employment based upon his race.

44.  By reason thereof, defendants have violated New York Executive Law §296 *et seq* and have thereby caused plaintiff to suffer damages, including but not limited to economic injuries, lost employment opportunities and emotional injuries.

## FOURTH CAUSE OF ACTION
## NEW YORK STATE EXECUTIVE LAW
## AGAINST RABINOWITZ & SCHRIER

45.  Pursuant to Fed. R. Civ. P. 10(c), plaintiff repeats and realleges each and every allegation contained in paragraphs "1" though " 45" as if repeated and incorporated herein.

11

46. Defendants have discriminated and aided and abetted in discrimination against plaintiff in the terms and conditions of his employment based upon his race.

47. By reason thereof, defendants have violated New York Executive Law §296(6) and thereby caused plaintiff to suffer damages, including but not limited to economic injuries, lost employment opportunities and emotional injuries.

**FIFTH CAUSE OF ACTION
AGAINST ALL DEFENDANTS
NEW YORK CITY LAW**

48. Pursuant to Fed. R. Civ. P. 10(c), plaintiff repeats and realleges each and every allegation contained in paragraphs "1" though "47" as if repeated and incorporated herein.

49. Defendants have discriminated against plaintiff in the terms and conditions of his employment based upon his race.

50. By reason thereof, defendants have violated NYC Administrative Code §§8-502 and 8-107 *et seq*., and thereby caused plaintiff to suffer damages, including but not limited to economic injuries, lost employment opportunities and emotional injuries.

**WHEREFORE**, plaintiff hereby demands judgment as follows:

(i) On his first cause of action, assessing actual, economic, compensatory and punitive damages in an amount to be determined at trial;

(ii) On his second cause of action, assessing actual, economic, compensatory and punitive damages in an amount to be determined at trial;

(iii) On his third cause of action, assessing actual, economic and compensatory damages in an amount to be determined at trial;

(iv) On his fourth cause of action, assessing actual, economic, and compensatory damages in an amount to be determined at trial;

(v) On his fifth cause of action, assessing actual, economic, compensatory and punitive damages in an amount to be determined at trial;

(vi) awarding plaintiff statutory attorney's fees, including expert fees pursuant to, *inter alia*, 42 U.S.C. §2000(e) *et seq.*, and New York City Administrative Code §8-502;

(vii) awarding plaintiff his costs and disbursements of this action; and

(viii) for such other further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a trial by jury.

Dated: New York, New York
　　　　August 9, 2006

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Glenn A. Wolther
　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Glenn A. Wolther [GW-5740]
　　　　　　　　　　　　　　　　　　　　　　　　*Attorney for plaintiff, N. Francis*
　　　　　　　　　　　　　　　　　　　　　　　　305 Broadway, Suite 1102
　　　　　　　　　　　　　　　　　　　　　　　　New York, New York
　　　　　　　　　　　　　　　　　　　　　　　　Tel: (212) 964-2120
　　　　　　　　　　　　　　　　　　　　　　　　Fax: (212) 964-0763